United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA M. SANZONE-ORTIZ,<br>   Plaintiff,<br><br>  v.<br><br>AETNA HEALTH OF CALIFORNIA, INC., et al.,<br><br>   Defendants. | Case No. 15-cv-03334-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**<br><br>Re: Dkt. No. 41 |

Defendants' motion to compel arbitration or, in the alternative, to dismiss Count 4 for lack of jurisdiction is set for hearing on August 31, 2016. Dkt. No. 41. Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and VACATE the hearing.

In her initial complaint, plaintiff alleged three "statutory" ERISA counts asserting that defendants' "benefits cap" for the treatment of autism violates the Parity in Mental Health and Substance Use Disorder Benefits provision of ERISA and California's Mental Health Parity Act. Dkt. No. 24. Defendants moved to compel arbitration. I concluded that the arbitration provision in the Enrollment Request Ortiz completed when enrolling her son in the health benefit plan (Plan) sponsored by her employer (and insured by Aetna California) required her to arbitrate those counts. *Id*. I determined that the Aetna's mandatory arbitration provision did not violate regulations implementing ERISA, specifically 29 C.F.R. § 2560.503-1(c)(4), because that regulation did not govern proceedings following a Plan's final determination. *Id*. at 3-5. I also concluded that even if 29 C.F.R. § 2560.503-1(c)(4) could be read as plaintiff contended (prohibiting mandatory arbitration for ERISA statutory challenges), the Department of Labor regulation was not based on a "congressional command" that would override the Federal

Arbitration Act's mandate favoring arbitration agreements. *Id.* at 7-8 (relying on *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) and *Jasso v. Money Mart Exp.*, Inc., 879 F. Supp. 2d 1038, 1045 (N.D. Cal. 2012) ("*CompuCredit* holds that, absent a clear statement in a federal statute showing Congressional intent to override the use of arbitration, in the FAA prevails.")); *see also Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013)). I gave plaintiff leave to amend because she claimed she would be able to assert a new count under a different ERISA provision. Dkt. No. 38.

Plaintiff then filed her Second Amended Complaint (Dkt. No. 39), asserting a new Count 4 to recover benefits due under the Plan and to clarify rights to future benefits under the Plan. I did not reach defendants' arguments asking me to compel any new benefits claim to arbitration, Dkt. No. 38, because the exact scope of the new claim was unclear. Instead, I dismissed it and granted plaintiff's motion to amend. The scope of the new claim has now been clarified (Dkt. No. 39, ¶¶ 61-68). Currently before me is defendants' motion to compel Count 4 to arbitration.

Having considered the parties' arguments, I will GRANT defendants' motion to compel arbitration of Count 4. While plaintiff's re-packaged claim is now one challenging Aetna's claims determination and seeking clarification as to her future rights under the Plan, she has still not overcome the hurdle of my prior ruling. As I concluded before, even if my interpretation of 29 C.F.R. § 2560.503-1(c)(4) is incorrect, under recent Supreme Court decisions, the Department of Labor cannot shield ERISA claims from arbitration absent a clear "congressional command." 29 U.S.C. § 1001(b) "does not provide the requisite congressional command to overrule the FAA." Dkt. No. 24 at 8.[1]

---

[1] This conclusion is not contrary to the Ninth Circuit's recent decision in *Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016). There, the Ninth Circuit reviewed substantive provisions of the NLRA and concluded that the statute's mandate was clear and made "the terms of [a] concerted action waiver unenforceable." *Id.* at *5. The court agreed with the NLRB's interpretation of the NLRA as prohibiting employment agreements requiring "separate proceedings." It explained that there was no conflict between its decision and the FAA as "[a]rbitration is consistent with, and encouraged by, the NLRA following today's opinion." *Id.* at *10. It was only the provision within the arbitration agreement at issue waiving collective action that was unenforceable because it waived substantive, not procedural, rights. Here, the waiver is of procedural rights. Plaintiff is able to challenge the Plan's alleged limitation of benefits in arbitration. *Id.*

1    Accordingly, I GRANT defendants' motion to compel Count 4 to arbitration.  This case is
2 STAYED pending arbitration.  The parties shall submit a case status update to the Court every 180
3 days informing me about the status of the arbitration.
4    **IT IS SO ORDERED**.
5 Dated: August 24, 2016



WILLIAM H. ORRICK
United States District Judge